# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McCORVEY,<br><br>          Plaintiff,<br><br>     v.<br><br>DISTRICT ATTORNEY,<br><br>          Defendant. | Case No. 1:17-cv-00035-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Larry McCorvey, a pretrial detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on January 10, 2017. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against an unnamed district attorney, alleging that the district attorney was negligent by failing to investigate before filing charges against him and conspired with the court to make Plaintiff an offer.  (Compl. 3, ECF No. 1.)  Plaintiff contends that the district attorney was negligent by failing to investigate that all persons were who they claimed to be.  (Id. at 4.)  Plaintiff has two cases filed against him, and alleges that in neither case has the District Attorney's Office ever proven that Stphaine Prudholm has ever existed.  (Id.)  Plaintiff contends that he has never met Stphaine Prudholm.  (Id.)

Plaintiff also contends that the District Attorney's Office conspired with the judge to make him an offer after knowing that the cases were being moved to Department 10.  (Id.) Plaintiff states that he felt intimidated by the court's presentation that if he pled to the charge the

court would drop the other. (Id.) Plaintiff seeks to have the charges against him dismissed and challenges the stay away order by the court. (Id. at 6.)

## III.

## DISCUSSION

### A.  This Court Lacks Jurisdiction over Claims Raised in Complaint

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

In this instance, Plaintiff seeks to bring suit against the district attorney for negligence, conspiracy, and bribery. However, Plaintiff's state law claims do not arise under federal law. Accordingly, Plaintiff has not stated a claim over which this court has jurisdiction.

### B.  District Attorney is Entitled to Immunity for Actions in Prosecuting Criminal Case

Additionally, prosecutors are immune from liability under 42 U.S.C. § 1983 for actions taken in their official capacity. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen, 363 F.3d at 922 ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman, 793 F.2d at 1075 (holding that judges and prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute

immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

While Plaintiff claims that the district attorney was negligent by failing to investigate the underlying claims against him, the decision by the district attorney to file charges against a criminal defendant fall within those actions that are entitled to immunity. Plaintiff also claims that the district attorney conspired with the judge in making him an offer although the case was being moved to another department. However, proffering plea offers to a criminal defendant would also fall within those acts that are performed in the district attorney's prosecution of the case.

### C.  Principles of Abstention Apply to Plaintiff's Claims

Finally, Plaintiff seeks to have the charges against him dismissed and challenges the stay away order issued in the state court. It appears that one of two abstention principles articulated by the United States Supreme Court may apply to this case.

The Younger doctrine precludes a federal court's intervention in ongoing state proceedings. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings are still considered pending). It appears that Plaintiff is involved in a current criminal action from which this court must abstain.

Further, once a state court proceeding has concluded, the Rooker–Feldman abstention doctrine applies when the relief requested in the federal court would effectively reverse a state court decision or void its ruling. The application of the Rooker–Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). However, the Rooker-Feldman doctrine, encompasses claims that were not only actually litigated, but also those that are "inextricably intertwined" with the adjudication by a state court. Id. (citations omitted). "[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court." Id.

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In this instance, Plaintiff seeks to bring suit against the district attorney for actions taken in prosecuting a criminal action against Plaintiff. As discussed herein, the district attorney is entitled to immunity for actions taken in his official capacity, and principles of abstention caution this court against interfering in the state court criminal action. Therefore, the Court finds that allowing Plaintiff an opportunity to amend the complaint would be futile.

### IV.

### CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. Further, the Court finds that allowing Plaintiff an opportunity to file an amended complaint would be futile in this instance.

///

5

1    Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint,
2 filed January 10, 2017, be dismissed without leave to amend for failure to state a claim.

3    These findings and recommendations are submitted to the district judge assigned to this
4 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)
5 days of service of this recommendation, Plaintiff may file written objections to these findings
6 and recommendations with the Court.  Such a document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendations."  The district judge will review the
8 magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).
9 Plaintiff is advised that failure to file objections within the specified time may result in the
10 waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing
11 Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 24, 2017**

UNITED STATES MAGISTRATE JUDGE